

**IT IS HEREBY ADJUDGED and DECREED that the below described is SO ORDERED.**

**Dated: December 08, 2015.**

_____
**H. CHRISTOPHER MOTT
UNITED STATES BANKRUPTCY JUDGE**

_____

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

| | |
|---|---|
| IN RE: § | CASE NUMBER: 14-32040 |
| BENIGNO CARLOS, JR. AND § | |
| CYNTHIA ANN ROSCOE § | |
| DEBTORS § | |
| § | |
| SELECT PORTFOLIO SERVICING, INC. § | CHAPTER 13 |
| AS MORTGAGE SERVICER FOR § | |
| DLJ MORTGAGE CAPITAL, INC., ITS § | |
| SUCCESSORS IN INTEREST AND/OR § | |
| ASSIGNS, MOVANT § | |
| VS. § | |
| BENIGNO CARLOS, JR. AND § | |
| CYNTHIA ANN ROSCOE § | |
| DEBTORS, RESPONDENTS § | |

**AGREED ORDER CONDITIONING AUTOMATIC STAY**
(DOCKET ENTRY # 43)

CAME ON before the Court for consideration the Motion For Relief from Stay Against Property as to 9420 LOCKERBIE AVE, El Paso, TX 79925 and Waiver of Thirty Day Hearing Requirement ("Motion") filed by Select Portfolio Servicing, Inc. as mortgage servicer for DLJ Mortgage Capital, Inc., its successors in interest and/or assigns ("Movant"). The Court finding

based on the representations of counsel for Movant, that the Chapter 13 Trustee has expressed no opposition to the Motion and further finding as evidenced by the signatures on this Order by counsel for Movant and counsel for Benigno Carlos, Jr. and Cynthia Ann Roscoe, ("Debtors(s)") that Movant and Debtors have reached an agreement to condition the automatic stay of 11 U.S.C. § 362 as to certain real property as described below which secures a debt owed to Movant by Debtors, it is accordingly:

ORDERED that the continuation of the automatic stay of 11 U.S.C. § 362 ("Stay") is conditioned as to the Property located at 9420 Lockerbie Ave, El Paso, TX 79925, which is legally described as:

> LOT 8, BLOCK 27, SCOTSDALE, AN ADDITION TO THE CITY OF EL PASO EL PASO COUNTY, TEXAS, ACCORDING TO THE PLAT THEREOF, RECORDED IN VOLUME 16, PAGE 40, PLAT RECORDS OF EL PASO COUNTY, TEXAS.

It is further ORDERED that the conditions under which the Stay shall remain in effect are as follows:

1. <u>Regular Payments</u>. Pursuant to the terms of the Promissory Note ("Note"), dated December 29, 2006, held by Movant and secured by a Deed of Trust encumbering the Property, Debtors shall disburse directly to Movant, promptly when due, each monthly installment that falls due under the terms of the Note, beginning the first day of December 2015. These installments are currently $810.42 per month. The regular payment shall be remitted in such a manner that it is received by Movant on or before the 1st day of the month (the contractual due date) for the month in which it is due. Failure to do so shall constitute a default pursuant to the terms of this Order. Should any regular payment arrive after the expiration of the grace period provided in the Note, Movant reserves the right to assess late charges by the Note. In the event that the monthly payment amount required under the terms of the Note should change in the

future, Movant shall notify Debtors of the change, as required by applicable bankruptcy and non-bankruptcy law. Debtors should send all payments to the following address:

> Select Portfolio Servicing, Inc.
> P.O. Box 65450
> Salt Lake City, Utah 84165
> ATTN: BANKRUPTCY DEPARTMENT

2. Debtors shall cure the post-petition mortgage arrearage now owed to Movant in the amount of $9,025.06 which is described as follows:

| | |
|---|---:|
| January 2015 through January 2015 @ $977.12 | $977.12 |
| February 2015 through November 2015 @ $810.42 | $8,104.20 |
| Unapplied Funds | ($56.26) |
| TOTAL | $9,025.06 |

3. Debtors shall cure the total arrearage of $9,025.06 ("Total Arrearage") by making the following cure payments:

| | |
|---|---:|
| (1) December 24, 2015 | $1,504.18 |
| (2) January 24, 2016 | $1,504.18 |
| (3) February 24, 2016 | $1,504.18 |
| (4) March 24, 2016 | $1,504.18 |
| (5) April 24, 2016 | $1,504.18 |
| (6) May 24, 2016 | $1,504.16 |
| TOTAL | $9,025.06 |

4. Each Cure Payment shall be remitted in such a manner that it is received by the Movant on or before the twenty fourth day of the month in which it is due. Failure to do so shall constitute a default pursuant to the terms of this Order.

5. Further, Debtors shall be allowed forty-five (45) days to provide proof of any additional post-petition payments not previously credited to the account with Movant and if the same is provided then these additional payments shall be reduced accordingly.

It is further ORDERED that Debtors shall keep the Property insured against all loss by fire, windstorm, vandalism or other hazard in at least an amount sufficient to pay Movant the total amount of its claim, and that proof of such insurance shall at all times be furnished to Movant, without demand or other requirement.

It is further ORDERED that should Debtors fail to perform as required by this Order, Movant shall notify Debtors and Debtor's counsel by mailing written notice ("Notice") of the default via regular mail to the addresses reflected for Debtors and Debtor's counsel on the court's docket at the time of the Notice. If the default is not cured within ten (10) days of the date appearing on the Notice, the Stay shall be terminated with respect to the Property, without further notice to Debtors or further action by this Court. If the initial default is cured within ten (10) days of the date appearing on the Notice, the Stay shall remain in effect. If the initial event of default is cured and a second event of default occurs, Movant shall notify Debtors and Debtor's counsel by mailing a second Notice via regular mail to the addresses reflected for Debtors and Debtor's counsel on the court's docket at the time of the second Notice. If the second default is not cured within ten (10) days of the date appearing on the Notice, the Stay shall be terminated with respect to the Property, without further notice to Debtors or further action by this Court. If the second default is cured within ten (10) days of the date appearing on the Notice, the Stay shall remain in effect. If the second default is cured and a third event of default occurs, the Stay shall be terminated with respect to the Property, without further notice to Debtors or further action by this Court.

It is further ORDERED that if Debtors provides Movant with evidence of post-petition payments (via canceled checks, tracers on money orders, etc.) not previously credited or applied,

Movant shall credit such payments toward the Total Arrearage set forth in this Order and reduce any remaining monthly cure payments pro rata, if applicable.

It is further ORDERED that in the event the Stay is terminated under the provisions of this Order, Movant its successors in interest and assigns, is authorized to any rights it may have to enforce its security interest in the Property pursuant to applicable non-bankruptcy law. By agreement, the fourteen day provision of Rule 4001(a)(3) is waived and Movant, its successors in interest and assigns, may immediately enforce and implement this Order upon termination of the Stay.

It is further ORDERED that in the event the Stay is terminated under the provisions of this Order, at its option, Movant may offer, provide and enter into any potential forbearance agreement, loan modification, refinance agreement or other loan workout/loss mitigation agreement including a deed in lieu as allowed by state law. Movant may contact the Debtor via telephone or written correspondence to offer such an agreement.

It is further ORDERED that upon termination of the stay, all communications including but, not limited to, notices required by state law, sent by Movant in connection with proceeding against the property may be sent directly to the Debtors.

It is further ORDERED that upon termination of the stay Movant shall not be required to file any subsequent Notices of Mortgage Payment Change or Notices of Fees, Expenses, or Charges.

It is further ORDERED that in the event this instant bankruptcy case is converted to a case under another chapter of the Bankruptcy Code, the Stay is terminated as to the Property without further action by this Court.

It is further ORDERED that in the event this instant bankruptcy case is dismissed, the terms of this Order shall be null and void as of the date of dismissal.

It is further ORDERED that in the event that an Order of Discharge is entered in the extant bankruptcy case the terms of this Order will no longer be binding on Movant as of the date the Order of Discharge is entered.

### ###END OF ORDER###

Respectfully Submitted by and agreed to by:

Christina L. Garcia / TBN 24055522
Email chgarcia@logs.com
Shapiro Schwartz, LLP
13105 Northwest Freeway, Suite 1200
Houston, TX 77040
Telephone: (713)462-2565
Facsimile: (847)879-4856
Attorneys for Select Portfolio Servicing, Inc.
File Number: 14-019331

Salvador C. Ramirez
State Bar Number: 16503702
Attorney Name: SALVADOR C. RAMIREZ
State Bar Number: _____
5959 Gateway West #525
El Paso, TX 79925
Telephone: (915)771-8525
Facsimile: (915)771-8741
Attorney for Debtors